### Edwin C. Kingsbury v. H. B. Andrews, et al.

1. CERTIFICATE OF EVIDENCE—*what does not constitute.* A printed pamphlet purporting to show the evidence heard by the trial judge, not certified to by the clerk of the court and which is not under the seal of the trial judge, is not a certificate of evidence within the meaning of the law.

2. INJUNCTION—*when properly dissolved.* Where the interest of the complainant filing a bill of interpleader and obtaining an injunction thereon could have been fully protected in another pending chancery proceeding to which he was a party and in which he had filed an answer, the injunction is properly dissolved.

Bill of interpleader. Error to the Circuit Court of Richland County; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

ALLEN & FRITCHEY, for plaintiff in error.

W. F. FOSTER and H. G. MORRIS, for defendants in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Plaintiff in error has 'sued out this writ of error to reverse a decree of the Circuit Court of Richland County, dismissing a bill of interpleader filed by him in a suit in chancery, to which he was a party defendant. The bill of interpleader alleges that on November 2, 1901, plaintiff in error, Edwin C. Kingsbury, purchased of H. B. Andrews, one of the defendants in error, a newspaper known as the Olney Advocate, for the sum of $4,000; that he gave a chattel mortgage on the plant to Andrews, to secure $3,500 of the purchase money; that the amount secured by the mortgage was evidenced by nineteen notes payable to the order of Andrews and falling due from time to time; that the first note when due was paid by Kingsbury to Andrews; that about May 1, 1902, Kingsbury was notified by Andrews that the remaining notes had been transferred to his wife, Laura V. Andrews, and should be paid to her; that Kingsbury complied with said request and thereafter paid said notes to Laura V. Andrews as they respectively fell due until September, 1902, after which he paid the notes as they matured to, and including the note of January 4, 1903, to W. F. Foster, who claimed to be the owner of the same as assignee of Laura V. Andrews; that on August 30, 1902, he, Kingsbury, was served with a summons in a certain case in chancery in the nature of a creditor's bill brought by Frederick Smith and others, composing the firm of T. & H. Smith & Co., against H. B. Andrews, Laura V. Andrews, and plaintiff in error, and that said cause was still pending and undisposed of; that on February 4, 1903, Kingsbury advised Foster that he had been made a party defendant in the above named cause and could not thereafter continue payment of his notes; that there are still due on account of said indebtedness nine of said notes for the sum of $150 each and the interest thereon; that on October 5, 1903 (which was after the last note became due), Foster, failing to get possession of the property under his chattel mortgage, sued out a writ of replevin directed to Joseph Stoll, the business manager of appellant, who was in possession of the property, and obtained possession of the

same thereby; that on October 6, 1903, Kingsbury re-
plevied the property from Foster, and still had possession
of it at the time of the filing of this bill of interpleader;
that Foster is threatening to continue foreclosure proceed-
ings against the property; that the continued publication
of the newspaper is essential to its existence, and if the
office be closed up for a single hour, Kingsbury would be
greatly damaged and would suffer irreparable loss and in-
jury. The bill of interpleader makes H. B. Andrews,
Laura V. Andrews, W. F. Foster and the members of the
firm of T. & H. Smith & Company, defendants, and prays
that they may interplead and settle and adjust their demands
among themselves; that Kingsbury may be permitted to
pay the sum of money due as aforesaid into court, for the
further order of the court; that defendants be restrained
by injunction from proceeding against Kingsbury in said
action at law, for the purchase money of said property, and
may also be restrained from commencing any action against
Kingsbury and from continuing to prosecute any actions
already begun and now pending for the recovery of said
sum; that those of the defendants having possession of the
promissory notes and chattel mortgage, be decreed to de-
liver them up to Kingsbury to be cancelled and that said
Kingsbury might have his damages, costs and attorney's
fees. A temporary injunction was also prayed for and
granted.

The defendant W. F. Foster, on November 23, 1903,
filed an answer in which he admitted the greater portion
of the statements made by said Kingsbury in his bill rela-
tive to the history of the transaction in question, but stated
that said notes were assigned to him by said Laura V. An-
drews as her agent and attorney, for collection and adjust-
ment; that Kingsbury was never in danger of having to
pay any money on said creditor's bill as a garnishee or
otherwise; that said creditor's bill and all further proceed-
ings thereunder, had been fully settled, and the cause dis-
missed; that it was not true that at the time of filing the
bill of interpleader, defendant was threatening or contem-

plating the further prosecution of any foreclosure proceedings against said property; that after the suing out of the writ of replevin as aforesaid by Kingsbury, no efforts or threats were made to regain possession of said mortgaged property, or to proceed further with the foreclosure of said chattel mortgage, until such matters should be litigated, adjusted and settled in due course of law; that said writ of injunction was sued out without any reason, cause or foundation therefor. Defendants H. B. Andrews and Laura V. Andrews, filed their joint answer, setting up substantially the same matters of defense as those relied upon by said Foster in his answer.

Before the trial plaintiff in error dismissed his bill as to the parties composing the firm of T. & H. Smith & Company, and upon the hearing the court dissolved the temporary injunction, dismissed the bill for want of equity, and defendants in error, having made suggeston of damages, allowed them $100 for their solicitor's fee.

Plaintiff in error complains (1) that the court below erred in dissolving the injunction and dismissing the bill; (2) in refusing to allow complainant his expenses and costs in answering the creditor's bill and filing the interpleader; and (3) in allowing the defendant in error a solicitor's fee of $100 as damages.

There is filed with the record in this case a printed pamphlet, upon which there is a statement in writing to the effect that it is the "certificate of evidence in full by the official court reporter." There is however no certificate of the circuit clerk that the same is part of the record in this cause and the printed certificate of the trial judge at the end of the pamphlet, is not under seal. It is unnecessary to cite authorities to show that under such conditions the evidence produced in the court below, is not before us for our consideration and we must assume the proofs were sufficient to support the decree. Notwithstanding the fact however, that the evidence is not properly before us, we have carefully examined the printed pamphlet above referred to, together with the pleadings in the case, and are of

opinion that the decree of the court below should be sustained. When plaintiff in error filed his bill of interpleader he was in possession of the property in question by virtue of the writ issued in his replevin suit, against Laura V. Andrews, Foster and Stoll. His interest in the suit instituted by a bill in the nature of a creditor's bill could have been fully protected by the answer, which he filed therein and it does not appear that there was any occasion for him to file an interpleader or sue out an injunction in the case. The injunction was therefore improvidently issued and it was proper for the court upon its dissolution to adjudge costs and solicitor's fees against plaintiff in error.

The decree of the court below is affirmed.

*Affirmed.*